**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BENJAMIN T. CLARK,

       Plaintiff,

v.                                       No. CV 12-0058 RB/WDS

MIKE HEREDIA (WARDEN),
GEORGE TAPIA (WARDEN),
RICARDO SALAYANDIA (DISCIPLINARY OFFICER),
ERMA SEDILLO (SECRETARY OF OPERATIONS),

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under rules 1(b), 4 of the Rules Governing Section 2254 Cases; 28 U.S.C. §§ 1915(e)(2), 1915A; and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint Pursuant To 28 U.S.C. §2254 And 42 U.S.C. §1983.  Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP") under § 1915.  For the reasons below, the Court will dismiss certain of Plaintiff's claims without prejudice.  Hereinafter, Plaintiff is referred to as "Petitioner."

Petitioner's complaint invokes statutes governing both habeas corpus and civil rights cases. *Sua sponte* review of the complaint is thus authorized under § 2254 R. 4 and §§ 1915(e)(2), 1915A. Under rule 4, "[t]he judge must promptly examine [a petition under § 2254].  If . . . the petitioner is not entitled to relief . . ., the judge must dismiss the petition."  Likewise, under §1915(e)(2), the Court must dismiss a civil complaint filed by a plaintiff proceeding in forma pauperis "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and

allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Petitioner's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint consists of two claims arising from prison disciplinary proceedings against Petitioner. Disciplinary officials found him guilty of charges against him and imposed punishment of segregation and loss of good time credits. In Count I, Petitioner alleges that his disciplinary conviction was based on insufficient evidence, in violation of his due process protections. In Count II, he asserts that the disciplinary punishment violated both his constitutional protection against cruel and unusual punishment and his due process rights. For relief, the complaint seeks restoration of the credits that were forfeited against Petitioner's term of imprisonment and also asks for damages on both claims.

Plaintiff's claims against his disciplinary conviction and for restoration of forfeited credits against his sentence constitute a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir.1997); *Buhl v. Hood*, 81 F. App'x 273, 274 (10th Cir. Aug. 21, 2003) (noting that action challenging disciplinary conviction was "correctly filed . . . as a § 2241 habeas corpus petition.").

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." Petitioner's complaint states such a claim.

2

> Despite its literal applicability, however, § 1983 must yield to the more specific
> federal habeas statute, with its attendant procedural and exhaustion requirements,
> where an inmate seeks injunctive relief challenging the fact of his conviction or the
> duration of his sentence.  Such claims fall within the "core" of habeas corpus and are
> thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*,

411 U.S. 475, 489 (1973)).  Petitioner must bring his damages claims in a civil rights action.  *See*

*Holly v. Gotcher*, 427 F. App'x 634, 636 (10th Cir. 2011); *and see Haines v. Kerner*, 404 U.S. 519,

520-21 (1972) (per curiam) (requiring liberal construction of pro se pleadings); *Roman-Nose v. New*

*Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (stating that a plaintiff's

pro se characterization of claims is not dispositive).  The Court therefore liberally construes

Petitioner's claims for relief from his disciplinary conviction and for loss of good time credits as a

petition for writ of habeas corpus under § 2241.  Petitioner's claims for damages will be dismissed

without prejudice, and an answer to his habeas corpus petition will be ordered.

IT IS THEREFORE ORDERED that Petitioner's claims for damages are DISMISSED

without prejudice to his right to pursue those claims in a separate action, and the complaint is

construed as a petition for writ of habeas corpus under § 2241;

IT IS FURTHER ORDERED that Petitioner's IFP motion (Doc. 2) is hereby GRANTED,

and Petitioner may proceed without prepayment of costs or other fees or the necessity of giving

security therefor;

IT IS FURTHER ORDERED that that the Clerk shall substitute James Lopez, Warden, as

the sole named Respondent, and this Order shall be served on Respondent;

IT IS FURTHER ORDERED that Respondent shall answer Petitioner's § 2241 petition

within thirty (30) days from the date of entry of this Order.  Respondent's answer shall advise, but

is not limited to, whether the Petitioner has exhausted his state court remedies as to the issues raised in the federal petition.  In each case, Respondent shall attach to its answer copies of any pleading pertinent to the issue of exhaustion which was filed by Petitioner in the state district court, court of appeals, and supreme court, together with copies of all memoranda filed by <u>both</u> parties in support of or in response to those pleadings.  Respondent shall also attach to the answer copies of all state court findings and conclusions, docketing statements and opinions issued in Petitioner's state court post-conviction or appellate proceedings.  In the event Respondent denies exhaustion, Respondent shall identify the State procedures currently available to Petitioner given the nature of Petitioner's claims and their procedural history.

_____
UNITED STATES DISTRICT JUDGE