IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN T. CLARK,

    Petitioner,

vs.                                                     Cause No. 1:12-cv-58 RB/WDS

JAMES LOPEZ,

    Respondent.

# ORDER ADOPTING
# MAGISTRATE JUDGE'S PROPOSED FINDINGS
# AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 15], filed October 2, 2012 (PFRD), which recommends that Petitioner's claim for habeas relief be dismissed with prejudice. Petitioner filed timely objections. [Doc. 16.] The Court has conducted a *de novo* review of the PFRD and concludes the objections should be overruled. The Court accordingly adopts the PFRD and dismisses Petitioner's habeas claim with prejudice.

**I.**     **BACKGROUND**

Petitioner Benjamin Clark (Clark) seeks habeas relief under 28 U.S.C. § 2241 for the restoration of good time credits that were revoked after he was convicted in a prison disciplinary proceeding. The Magistrate Judge conducted an *in camera* review of the confidential information used to convict Clark in the prison disciplinary proceeding and concluded: (1) the federal habeas evidentiary standard applicable to a revocation of good time credits is "some evidence"; (2) "some evidence" supports the prison hearing officer's determination that the statements of the confidential informants are reliable; (3) the Summary of Confidential Information that Clark received was not

constitutionally inadequate; and (4) alleged errors in the state habeas proceedings do not state a claim for federal habeas relief.

## II.  CLARK'S OBJECTIONS

Clark objects to the Magistrate Judge's conclusion that a disciplinary conviction need only be supported by some evidence. Clark contends the standard is preponderance of the evidence "per department of corrections policy." [Doc. 16 at 2.]

The objection is overruled. Regardless of the standard the state has adopted for prison disciplinary proceedings, the standard on federal habeas review of a decision to revoke good time credits is "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). Clark cites *Mitchell v. Maynard* but that case does not support his claim that a federal habeas court is bound by the same evidentiary standard that binds prison officials; to the contrary, *Mitchell* holds that due process requirements are satisfied "[i]f there is some evidence to support the disciplinary committee's decision to revoke good time credits[.]" *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (*citing Hill*, 472 U.S. at 454). So long as constitutional standards have been met, as they have in this case, Clark does not have a cognizable claim for federal habeas relief based on the alleged failure of prison officials to follow internal policies or regulations. *See Godlock v. Fatkin*, 84 F.App'x 24, 30 (10th Cir. 2003) (unpublished).

Clark objects that the evidence supporting his disciplinary conviction is "less than meager" because it consists of the statements of two "confidential informants [whose] accusations do not even match." [Doc. 16 at 2.] The objection is overruled. The evidence supporting the conviction is substantial. The *in camera* submissions indicate there is agreement between the informants' statements regarding significant facts, including Clark's role as the person that ordered the murder

of inmate Freddie Sanchez and Clark's motive for wanting Sanchez dead.

Clark objects that he did not receive the confidential information that supported the hearing officer's reliability determination. [Doc. 16 at 4.] The Court construes this an objection to the Magistrate Judge's conclusion that the Summary of Confidential Information prison officials provided Clark was adequate. *Taylor v. Wallace*, which Clark cites in support of his objection, does not hold that an inmate must be advised of the specifics of a confidential informant's statements. An inmate facing loss of good time credits must receive "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Hill*, 472 U.S. at 454. A written report stating that the inmate has been found guilty "in reliance upon confidential witness statements" is sufficient where the offense report explicitly describes the conduct and basis for the punishment. *Mitchell*, 80 F.3d at 1445 (citing *Taylor v. Wallace*, 931 F.2d 698, 703 (10th Cir. 1991). The Magistrate Judge concluded that the Disciplinary Decision and the Summary of Confidential Information together were sufficient to meet this standard, even though they omitted information that could lead to the identification of the informants. [Doc. 15 at 11.] The Court agrees and overrules the objection.

Clark next objects that the Magistrate Judge erred "in [his] assessment that this petitioner had been convicted for conduct involving gang activity in other reports." [Doc. 16 at 4.] Clark denies he is a member of a prison gang. [Id.] He claims that prior to the conviction at issue here, he was under investigation for prison gang activity, but had not yet been convicted. On the same day he was convicted of the conduct at issue here, he was convicted in a separate disciplinary proceeding also involving gang activity. [Id.]

The objection is overruled. Given Clark's admission, the Magistrate Judge did not err by stating: "Clark is allegedly a validated member of a prison gang and has been convicted for other

3

conduct involving prison gang activity." [Doc. 15 at 9.] Furthermore, assuming it was error for the Magistrate Judge to rely on a disciplinary conviction that occurred simultaneously with the disciplinary conviction under attack here, the error was harmless. The Magistrate Judge concluded the *in camera* submission alone adequately supports the hearing officer's reliability determination [Doc. 15 at 8–9], and the Court agrees.

Finally, Clark reiterates the argument he put forth in his "Supplement to Petition of Habeas Corpus," specifically, that his disciplinary conviction is invalid because prison officials found there was not sufficient evidence to convict inmate Kyle Dwyer of transporting the documents that identified the victim, Freddie Sanchez, as an informant and thereby led to his murder. [Doc. 14; Doc. 16 at 5.] The Magistrate Judge sufficiently addressed this argument in his PFRD. [Doc. 15 at 10.] Accordingly, the objection is overruled. There is some evidence to support the conclusion that Clark ordered the murder of Inmate Sanchez, regardless whether Inmate Dwyer transported the documents or some other inmate did.

**IT IS HEREBY ORDERED** that (i) Petitioner's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 16], filed October 16, 2012, are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 15], filed October 2, 2012, are adopted; and (iii) Petitioner's claim for habeas relief under 28 U.S.C. § 2241 [Doc. 1], filed January 19, 2012, is dismissed with prejudice.

_____
**ROBERT C. BRACK**
**United States District Judge**